**FILED**

Feb 13, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Frank Orlando Wells   F06517
<u>Name and Prisoner/Booking Number</u>

Mule Creek State Prison
<u>Place of Confinement</u>

4001 Hwy 104
<u>Mailing Address</u>

Ione   CA   95640
<u>City, State, Zip Code</u>

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK ORLANDO WELLS                      )
<u>(Full Name of Plaintiff)</u>         Plaintiff,   )
                                         )
                                         )
                    v.                   )   CASE NO.   2:25-cv-0521 CSK (PC)
                                         )              (To be supplied by the Clerk)
(1) JEFFERY MACOMBER et al            ,  )
<u>(Full Name of Defendant)</u>            )
(2) PATRICK COVELLO et al             ,  )
                                         )   **CIVIL RIGHTS COMPLAINT**
(3) DOES 1-100                        ,  )   **BY A PRISONER**
                                         )
(4)                                   ,  )   ☒ Original Complaint
                    Defendant(s).        )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page. 1-A listing them. )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____

2.   Institution/city where violation occurred: Mule Creek State Prison            .

## B. DEFENDANTS

1. Name of first Defendant: __Jeffery Macomber et al__ . The first Defendant is employed as:
__Secretary Cal. Dep't of Corr. & Reh.__ at __Sacramento California__ .
                          (Position and Title)                          (Institution)

2. Name of second Defendant: __Patrick Covello et al__. The second Defendant is employed as:
__Warden__ at __Mule Creek State Prison__ .
                          (Position and Title)                          (Institution)

3. Name of third Defendant: __Does 1-100__ . The third Defendant is employed as:
__Determined upon Discovery__ at _____ .
                        (Position and Title)                          (Institution)

4. Name of fourth Defendant: _____ . The fourth Defendant is employed as:
_____ at _____ .
                        (Position and Title)                          (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?      ☒ Yes      ☐ No

2. If yes, how many lawsuits have you filed? __1__ . Describe the previous lawsuits: First Am. Violation

    a. First prior lawsuit:
        1. Parties: __Frank Wells__ v. __Rosa Gonzales__
        2. Court and case number: __1:17-cv-01240-DAD-EPG (PC)__ .
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Case was settled in favor of Plaintiff__ .

    b. Second prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____ .
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

    c. Third prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____ .
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment</u>
<u>Intentional Negligence-Failure to Protect</u>.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care

☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation

☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: <u>Intentional Negligence</u>
<u>Conditions of Confinement</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each** Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

<u>See: Attached Verified Complaint</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
<u>See: Attached Verified Complaint and</u>
<u>Medical Record in support of facts</u>

5. **Administrative Remedies:**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes    ☐ No

    b. Did you submit a request for administrative relief on Claim I?     ☒ Yes    ☐ No

    c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes    ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>       N/A</u>

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated:  __Eighth Amendment__
   __Conditions of Confinement__

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: __Conditions of Confinement__

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   __See: Attached Verified Complaint__

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   __See: Attached Verified Complaint__
   __Medical Records in Suport of Facts__

   _____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  __N/A__

4

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Monetary Relief-Compensatory and Punitive in the amount of $30,000,000 and any other relief the Honorable Court deems appropriate according to proof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Feb. 13, 2025___
          DATE

_____
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Frank Orlando Wells
4001 Hwy 104
Ione  CA  95640
    Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FRANK ORLANDO WELLS

        Plaintiff,

      v

JEFFERY MACOMBER et. al.
PATRICK COVELLO et. al.
Does 1-100

      Defendants.

CASE NO._____

U.S.C. 1983 VERIFIED COMPLAINT
FOR DAMAGES

## CAUSES OF ACTION

Frank Orlando Wells hereinafter referred to as "Plaintiff" brings forth this Verified Complaint for Damages Pursuant to U.S.C. 1983 Civil Action seeking relief.

Plaintiff has legal cause to bring this verified complat based on provable claims which have caused Plaintiff physical harm which Defendants named herein knowingly and negligently failed to inform Plaintiff of imminent harm that led to Plaintiff's medical conditions and as such the Defendants are the proximate and liable parties.

Defendants have direct knowledge and foreknowledge of contributing factors relevent to Clean Water Act Violations specific to Mule Creek State Prison whereas Biohazardous materials have contaminated warter dispersed through faulty water systems improperly maintained which have led to the contamination that Plaintiff ingested and bathed in causing medical disorders and damage to Plaintiff.

Defendants then intentionally failed to inform Plaintiff of the hazards of consuming contaminated water yet same Defendants did give notice to all Mule Creek Employess of the dangers of using and consuming water dispersed at Mule Creek Prison.

Prison Officials bring in their own water to drink and Plaintiff has personally witnessed and upon information and belief do so as a result of internal notifications given by the Defendants.

Defendants and unamed does 1-100 have been sued by multiple organizations, the County of Amador, Public Entities, and inmates based on the known contaminants Mule Creek Prison is responsible for causing which have affected local communities that are within the stormwater runnoff areas.

The litigants of prior Civil Actions against Defendants produced scientific evidence and research reports of the toxicity levels exceeding the legal amount set forth by the Regional Water Department and the EPA Clean Waster Act and the dangers associated with the biohazardous materials to humans.

Relevent reports which Plaintiff attaches to this claim demonstrate that Defendants have paid out monies in multiple prior suits of 1.7 million dollars, and 10,000,000 dollars to settle other civil matters specific to this issue which Plaintiff declares is a pattern and practice unchecked and has cuased Plaintiff harm.

Plaintiff further states that multiple agencies and government entities have direct knowledge of the Defendant's failure to comply with state and federal laws and have failed to hold Defendants accountable for criminal violations while charging other corporations with same violations. Plaintiff cites a disparity exists whereas CDCR Defendants receive funding relevent to fixing existing Water Systems which are currently below lawful specificaions and are the direct and proximate cause of damage to Plaintiff.

Plaintiff further declares CDCR Defendants and Does 1-100 have breached pre-existing contracts to build appropriate water treatment systems that would appropriately accomodate the proper treatment of water per amount of inmate population waster usage as required by the Clean Water Act which have led to Mule Creek Prison consistently exceeding expected limitations of both contaminants allowable and water usage per gallon based on the inmate population Pursuant to the Clean Water Act and EPA standards which have led to damaging Plaintiff's health and medical conditions.

Defendants each in their official capacities are directly knowledgeable and involved with Court Cases both current and past regarding this specific issue. (See: Cal Sportfishing Prot. Alliance v Allison Case NO. 2:20-cv-02482 WBS AC, J'Weial v Cal. Dep't of Corr. Case No. 2:21-cv-00712 WBS DB, Blake v Allison Case No. 2:23-cv-0208 ACP and Williams v Cal. Dep't of Corr & Rehab. Case No. 2:21-cv-1599 ACP)

Plaintiff relies on the multiple reports and evidence submitted by the multiple prior plaintiffs above entitled and supports their findings with relevent reports and information Plaintiff submits herein that demonstrate Defendant's knowledge and culpability.

Defendant(s) are in violation of CAL Health and Safety Code § 25249.5, and 25249.9. The Regional Water Control Board has provided factual evidence that the sources of pollution is Mule Creek State Prison in violation of Clean Water Act § 1312(a) and 1321(a) specific to water quality related to effluent limitations.

A report submitted by David Anderson of Sierra Communication and Construction Inc. stated that "there's a serious catastrophic failure of the sewage piping under the prison causing contamination and is an extreme health risk to employees and inmates."

Mule Creek has been continually fined $50,000 in 2006 and again in 2007 for contamination that leeched into nearby wells used in neighboring communities. The exceeding of acceptable contaminants has been ongoing and is the proximate and direct cause of Plaintiff's injuries.

Defendants have been negligent in failing to rectify the known "catastophic failure" of their sewage and water systems which are the known causes of contamination to drinking water locally and in neighboring private wells.

In this instant matter Defendant Macomber is the Secretary of CDCR and is directly responsible for information dissemination pursuant to Title 15 § 3382(a) and collecting reports of incidences from subordinates. In this instant matter Defendant Covello was and is required to report the Clean Water Act Violation and in this instant matter must conduct himself in a reasonable manner so as not to infringe on the constitutional rights of a plaintiff.

In failing to make public notice to Plaintiff Defendant(s) are knowingly and intentionally infringing on Plaintiff's Right's under the Eighth Amendment, directly impacting Plaintiff's conditions of confinement which may be construed as cruel and unusual punishment.

To claify the issue of the sewage system failure is linked to the iron pipes used more than 30 years ago which are not up to "Code" and have been corroded beyond limitations due to introduction of corrosive agents by Mule Creek State Prison Industries/Plants

which Defendants have direct knowledge of and have continuously failed to correct for decades.

Plaintiff's medical records will show that Plaintiff now suffers from a bolld disorder consistent with impacts derriving from toxic exposure. Plaintiffs blood disorder is currently being tested and Plaintiff has been referred to Rheumatologist for further testing and diagnosis. Plaintiff suffers from Left Lung Nodule which inhibits normal breathing. Plaintiff suffers from ongoing and continuous skin and acalp irritations. Plaintiff is under current treatment for hyper-allergic activation. Plaintiff is receiving increased medical treatments for above entitled conditions and all listed medical conditions are and can be linked to exposure to contaminants found in the water dispersed by the Mule Creek Prison Water systems which are known to be affected by the corroded sewar iron pipes leeching toxic bio-hazardous waste materials into the water and land beneath and around surrounding areas as reported in above entitled case references.

Plaintiff will support all claims in this instant matter with historical and factual findings of State and local officials that Defendants have known about and are directly responsible for failing to correct issues that have led to Plaintiff's injuries.

Therefore, Plaintiff has due cause to bring forth Civil Action Pursuant to USC 1983 for Constitutional Violations leading to injury ahamming from the Intentional Negligence of the Defendants which have seriously and negatively impacted the Plaintiff's conditions of confinement. Defendants in failing to correct known water contamination issue and failing to inform Plaintiff are the liable and responsible parties and Plaintiff therefore has stated a cognizable claim and demonstrates the Defendants are thh proper person(s) and directly connected to Plaintiff's allegations.

## EXHAUSTION OF REMEDY

Plaintiff filed a timely 602 grievance with prison officials and made Good Faith effort to give Defendants opportunity to resolve matter. Plaintiff received negative results in response. Plaintiff upon completion of 602 grievance process did file in a timely manner a Claim with the Board of Compensation and received negative response. Having exhausted available remedy and making good faith effort at such levels Plaintiff is eligible to proceed with a USC 1983 Claim in order to obtain relief in this matter.

## LITIGANTS

At all times herein Frank Orlando Wells is the Plaintiff and a resident of California, Amador County, City of Ione, a Citizen of the United States and a State Prisoner. Plaintiff is the aggrieved party entitled to relief under the law for Eighth Amendment Rights Violations.

At all times herein Defendant Jeffery Macomber in his official capacity is the Secretary of the California Department of Corrections and Rehabilitation.

At all times herein Defendant Patrick Covell in his official capcity is the Warden of Mule Creek State Prison located in California, Amador county, City of Ione.

Defendants Does 1-100 are at this time unnamed due to Plaintiff not possessing that information at this time. Plaintiff names upon discovery relevent and culpable State Officials and at all times herein are residents in the State of California and hold in their official capacities titles and positions which have direct and indirect impact on Plaintiff's injuries and claim for damages.

All Defendants are NOT immune in their official capacities and are materially and actually knowledgeable of the facts and conditions which are the direct cause of injury to Plaintiff and are directly and factually responsible and liable as such due to failing to perform their sworn oaths of office resulting in Constitutional violations suffered by Plaintiff.

## JURISDICTION

The matter of dispute having met all procedural requirements, good faith efforts and exhaustion of remedy in now properly submitted to this Honorable Court in the Eastern District of California for appropriate resolution and this Honorable Court is the proper venue of jurisdiction to ajudicate such issues in this instant matter. Plaintiff therefore, submits and declares this Honorable Court and submits it is the authority and jurisdiction to grant relief in this instant matter as deemed appropriate by proof of claim.

## TIMELINESS

Plaintiff having gained information and documentation recently on medical condition recently does file this instant matter in a timely manner in compliance with lawful Federal Civil Procedural standards and is not time barred. Plaintiff was made aware of relevance to medicla condition consistent with other reports of water toxicity exposure and subsequent lawsuits against Defendants. On September 24, 2024, Plaintiff gained information and knowledge that medical conditions suffered by Plaintiff had correlation to exposure to Toxic Water dispensed at Mule Creek State Prison where the defendants are the Supervisory Authorities and are directly knowledgeable on the issues contained in the Causes of Action. Plaintiff has filed in a timely manner and is in compliance to proceed.

## PRAYER FOR RELIEF

Plaintiff seeks relief in the form of monetary damages compensatory and punitive in the amount of $30,000,000 and future medical costs consistant with necessary future medical treatments resulting from Plaintiff's injuries, and any other approprieate relief this Honorable Court deems approprieate upon Facts, Evidence, and Proof.

## DECLARATION OF FACTS

1. On 10/09/2024 Plaintiff file 602 Grievance with Mule Creek State Prison Officials regarding Toxic Water injuries.

2. Plaintiff was Denied relief and proceeded to 2nd Level of process to exhaust remedy. Plaintiff receive denial on 11/21/2024.

3. On 11/25/2024 Plaintiff sent 2nd level Grievance to Headquarters in Sacramento, California. This completes Exhaustion of Remedy Requirement.

4. Plaintiff on 11/25/2024 did send a request for relief to the California Board of Compensation as another requirement under PLRA rule to exhaust remedy.

5. Plaintiff waited 90 days for response from Cal. Board of Comp. Having received no response Plaintiff determined none was forthcoming and final remdy was exhausted.

6. Plaintiff filed a Verified Complaint for Damages.

7. Plaintiff filed Verified Complaint for Damages in a Timely manner.

8. Plaintiff declares medical conditions as follows:

   a. Blood Disorder approximately 2 years to current (See: Attached Medical Records)

   b. Blood disorder is currently under care of specialist and is being closely monitored. Further research and testing by Rheumatologist and Oncologist are in progress to define a clear diagnosis and prognosis.

   c. Left Lung Nodule. (See: Attached Medical Records)

   d. Increased shortness of breath requiring  medicinal change and closer monitoring for Asthma attacks.

   e. Increased medicinal treatments for increase in hyper-allergic reactions contributing to shortness of breath and panic attacks associated with increased inability to breath normally.

   f. Loss of sleep due to panic attacks associated with shortness of breath issues, allergy attacks, and activation of asthma attacks.

   g. Increased Skin irritation, discoloration, itching, and ecsema patches all over entire body including: Face, shoulders, arms, chest, belly, back, and legs.

6. Plaintiff's quality of life is diminished severly as a result
   of increased health issues relevent to claim.

7. Defendants each in their official capacities have historical
   and direct knowledge of the alleged facts in totality regarding
   Plaintiff's claims. To wit:

   a. Water Filtration System deficiencies

   b. The dangerous effects to human consumption due to contaminants
      found as exceeding the MS4 permits. See: above entitled
      case law references.

   c. Received reports relevent to Water Filtration deficiencies
      from multiple State Official Agencies which resulted in
      Civil Litigation. See: above entitled case law.

   d. Sewer and Water Pipe System was catastophically damaged/corroded.

   f. The damge to the outdated and corroded systems would result
      in causing dangerous health effects to humans.

   g. The direct claims for damages filed against defendants
      based on the deficiencies and contaminants effecting surrounding
      residents and communities.

   h. Fines and Compensatory Payments resulting from Civil Claims
      settlements.

8. Plaintiff upon information and belief asserts reports received
   from Regional Quality Control Water Board, Amador County Water
   Association, and numerous agencies by the defendants have
   for decades not been adequately changed, leading to Plaintiff's
   claim for damages.

9. Defendants upon information and belief have direct and historical
   information and knowledge of the dangerous impacts of water
   toxicity which have been found to be sourced from Mule Creek
   State Prison which is published information.

10. Andrew Altevogt, Central Valley Regional Water Quality Control
    Board and Enforcement Supervisor stated his awareness of the
    inhumane conditions of the contaminated Drinking Water at
    Mule Creek State Prison.

11. Andrew Altevogt further stated the "range of contaminants
    including 'volitile organic compounds', e-coli, coliform,
    and metals are getting into the drinking water and storm drain
    system.

12. David Anderson a Supervisor for the Sierra Communications and Construction Inc hired by CDCR/Defendants reported substandard sewer and water pie systems and contamination was leeching into the soil and was a dangerous health hazard to humans. This report was made to Mr. Anderson's emloyers, Defendants in this instant matter.

13. The "Dispatch Ledger" a news reporting agency independently hired a "Master Plumber" to inspect the pipe systems beneath Mule Creek State Prison and his reports indicated that sewage waste was the source of biohazard contamination and was due to substandard iron pipes no longer within the specified California Regulatory Standard for use and the existing iron pipes exceeded their life expectancy of 30 years maximum.

14. David Anderson further reported to the Defendants that the water contamination would cause dangerous health conditions to Mule Creek State Prison employees and Prisoners.

15. Upon information and belief, the members of David Anderson's work crew became ill after working on the MCSP project installing culverts for storm runoff which had been reported as having hazardous effects on surrounding residents, and local communities.

16. Defendants made no effort to inform Plaintiff of the dangers of the defieciencies of the water filtration system and the health hazards reported by David Anderson and Andrew Altevogt specific to the corroded and outdated iron pipes or the negative effects of the sewage biohazard leeching into the soil which as reported were dangerous to humans.

17. Defendants upon information and belief did make public notifications to staff, visitors, and surrounding communities of the health risks to the water dispensed at Mule Creek State Prison.

18. Defendants have failed to inform Plaintiff of the MS4 deficiencies which demonstrate that the water processed daily is exceeding the permit allowance and as such contribute to the contamination levels due to the water processed daily exceeds 700,000 gls which was originally based on the population of Prisoners housed at MCSP. That same population exceeds the recommended expectancy of water usage at MCSP in excess of 900,000 gl

Processed daily.

19. Defendants as a result of the deficiencies regarding the MS4 requirements have been fined numerous times and paid out settlement amounts in excess of $10,000,000.

20. Plaintiff has cited Lawsuits brought against Defendants in above entitled "Causes of Action".

21. Upon information and belief Defendants issued internal memorandums to staff, officials and employees explaining the dangers of consuming water dipensed at Mule Creek State Prison and furthermore advised them to bring their own water.

22. Plaintiff has observed all Staff in which Plaintiff has daily interactions with in fact carry their own drinking water and when asked by inmates and Plaintiff why that is done the response is unanimously the unsafe water dispensed at Mule Creek State Prison.

23. The Regional Water Department posted a public sign (unknown location) which stated Biohazardous materials discharging as waste sewage was leeching into the "Creek" and warns that contact with such conatminated water are responsible for serious health issues. that sign contained a phone number and file #CW-241842. (See: Attached Photo)

24. Defendants state in Grievance that water is received from Amador Water Association and well within acceptable Clean Water Act Standard.

25. Defendants do not assert that the same water received enters and is distributed through knownfaulty pipe systems beneath Mule Creek State Prison which are not within State Building Code Specifications.

26. Defendants have multiple reports and violations specific to being the direct source of contaminants entering into waterways via watershed and have repeatedly failed to fix the known problem.

27. Defendants upon receiving the property to build Mule Creek State Prison had a contract in place to build multiple water treatment plants, which Defendants have not completed to date decades later. This breech of contract by the Defendants have been the subject of multiple litigations with Amador County, Cal. Sportfishing Protection Alliance, Regional Water Quality Contol Board, and multiple inmates affected by the toxic contaminants housed in MCSP which are identified in each of the above entitled case references/case laws.

28. Defendants Water contamination issues are the subject of multiple News Articles exposing the violations, health effects, and legal matters associated with the Clean Water Act violations. (Plaintiff is currently seeking to obtain those articles to provide context to this allegation)(referencing Prison Legal News, and The Dispatch Ledger articles)

29. The Health risks and the known contaminants are identified in each of the aboved entitled case law references.

30. Defendants are the named litigants in prior cases as the known sources of contaminants leeching in surrounding water sources in neighboring communities.

31. Defendants have been identified by Both Andrew Altevogt and David Anderson as having catastrophic sewer system failure and will be dangerous to employees and prisoners at MCSP.

32. Defendants have failded to protect Plaint from known harmful toxic contaminants resulting in damaging Plaintiff.

33. Damage to Plaintiff is consistent with exposure to contaminated water as identified in above case law and reports by experts named herein.

34. Defendants have in their official capacity failed to inform Plaintiff of immenent health risks known by Defendants specific to contaminated water exposure.

35. Plaintiff has an absolute right to protection while in the direct care and custody of Defendants.

36. Plaintiff has an absolute right to provision of information
    of potential harms to his health which are within the control
    of authorities responsible for Plaintiff's care and custody.
    the Defendants in this instant matter.

37. Defendants have direct knowledge of a conditional contract
    to build wastewater treatment plants which was specific to
    population growth needs. Defendants did breach that contract
    with the city of Ione. Mule Creek State Prison's prisoner
    population is in excess of 4000 currently.

38. The current wastewater treatment facility has a maximum capacity
    of serving (processing wastewater) a population of 1700.

39. Defendants are the sources of Prison industry manufacturing
    in:
    a. Coffee Roasting,
    b. industrial sewing,
    c. meat processing,
    d. Large Laundry service,
    e. Food and Beverage Packaging,
    f. Welding
    g. Fire Camp

40. Defendants have been found liable for the contaminants discharged
    from the manufacturing plants listed above into groundwater,
    watershed, and storm runoff, or settled such cases citing
    defendants as the liable parties responsible for th e contamination.

41. Defendants have direct and constructive knowledge of the condition
    and history of the land used to build Faclity D and E above
    A-c Facilities at Mule Creek State Prison.

42. Over a million cubic yards of wastewater plant sewage sludge
    had to be removed from the site prior to the Building of D
    and and E yards.

43. The acreage was used as spray fields for "treated" wastewater
    plant sewage in order for the contaminants to dissipate/evaporate
    into the air and ground.

44. The land in which Plaintiff is housed is identified as being
    the rported  area of acreage used as spray fields and on information
    and belief Defendants have aforeknowledge of the land use
    and condition prior to building new facility.

45. CDCR Plumbing Supervisor acknowledged co-mingling of pipes
    are connected to and contributed to reports by SHN Engineers
    and Geologists submitted to California Regional Water Quality
    Control Board that 500 defects in the prison's stormwater
    and sewer systems ranging from minor corrosion to broken and
    collapsed pipes. The "co-mingling is relevent to how contam-
    inants are getting into the drinking water.

46. Charlotte Smith UC Berkley School of Pulic health lecturer
    reports that contaminants appearing in samples from MCSP should
    not be present since said contaminants would be eliminated
    by Amador Water Agency prior to reaching Prison Water, therefore
    should not be present in Prison water. (Plaintiff

47. On July 7, 2021, Defendant issued memo stating showers were
    going to be controlled and that inmates would only be allowed
    1 shower per every 2 days due to "maintenance of water systems".

48. Upon information and belief, Defendant was not fully transparent
    about the reason for the necessary maintenance was due to
    sewage cleanup which was another in many reported incidences
    contributing to the introduction of contaminants to the land
    and water tables in and around the Prison facility, subsequently
    causing injury to Plaintiff.

49. Upon information and bleief Defendants have received more
    than adequate amounts of information and expert reports to
    correct Clean Water Act Violations.

50. Upon information and belief Defendants have been negligent
    in failing to appropriately act upon the more than adequate
    informaiton and reports of Clean Water Act Violations and
    are as such the responsible and liable parties for Plaintiff's
    injuries/damage.

51. Upon information and belief Defendants are in breach of contract
    in building wastewater treatment facilities to compensate
    for population increase contributing to Clean Water Act Violations
    and as such are the responsible and liable parties for Plaintiff's
    injuries/damage.

52. Upon information and belief Defendants are responsible for
    MS4 Permit violations consistent withthe Clean Water Act specific
    to exceeding allowable contaminants per water processing.and
    as such are the responsible and liable parties for Plaintiff's
    injuries/damage.
53. Defendants are intentionally negligent by failing to provide
    information of potential and actual bodily harm specific to
    Clean water Act Violations which upon information and belief
    Defendants were in fact fully knowledgeable and informed of
    and as such are the responsible and liable parties to Plaintiff's
    injuries/damage.
54. Defendants upon information and belief have conspired to intentionally
    cover-up relevent information and reports of Clean Water Act
    Violations  contributing to the continued canntamination of
    Prison dispensed Drinking Water occuring due to Defendants
    failures to correct known substandard and failing sewer and
    water pipe systems and as such are the repsonsible and liable
    parties to Plaintiff's injuries/damage.
55. Upon information and belief Defendants prior knowledge of
    bio-hazardous and chemical contamination entering and affecting
    surrounding eco-systems, neighboring communities and failing
    to correct known problems and sources are proof of intentional
    negligence contributing to health conditions, injuries, and
    damage to Plaintiff and as such are the liable and responsible
    parties.
56. Defendants intentionally negligent conduct are the direct
    and indirect cause of injuries and damage to Plaintiff specifically
    with respect to failure to inform.
57. Defendants for all the facts stated herein are the responsible
    parties for Plaintiff's injuries and continuing/progressing
    medical conditions and damages and are as such the liable
    parties as a direct and indirect result of their actions/
    inactions.
58. Plaintiff has demonstrated pattern and practice of Defendants
    are the direct and indirect causes of action and are the responsible
    parties specific to Clean Water Act Violations due to contaminateed
    water dispensed by Defendants.

59. Plaintiff has demonstrated factual connection of medical injuries
    are consistent with exposure to contaminated water dispensed
    by Defendants in their official capacities.

60. Plaintiff has demonstrated that Defendants did fail to inform
    Plaintiff of health hazards connected to consuming water dispensed
    by Defendants in their official capacities at Mule Creek State
    Prison.

Claim I
### INTENTIONAL NEGLIGENCE
### FAILURE TO INFORM

CDCR @ Mule Creek State Prison is publically known to be
responsible and has been held liable for Bio-hazardous waste
materials sourced from Mule Creek State Prison leeching into
lands and ecosystems located in and on the properties currently
occupied and possessed by Mule Creek State Prison. (See: Photo
Attached showing public notice by Regional Water and File report
number CW-241842, Exhibit A.1)

Mule Creek State Prison has been fined numerous times by
Public Agencies responsible for enforcement of Clean Water Act
which have jurisdiction over Mule Creek State Prison. Those fines
were consistent with findings that of bio-hazardous waste material
seeping into local water sources affecting local communities
and residencial properties near and around Mule Creek State
Prison, which Amador County previously sued MCSP for. (See: Cal.
sportfishing Alliance v Allison Case No. 2:20-cv-02482, and Prison
Legal News Article (attached as Exhibit A.2))

Mule Creek State Prison and by extension in their Official
Capacities Defendants have been the subject of multiple lawsuits
whereas the Defendants have been directly named as Defendants
or the office in which they are currently responsible for have
been named in those lawsuits. (See: Cal. Sportfishing Prot. alliance
v Allison 2:20-cv-02482 WBS AC, J'Weial v Cal. Dep't of Corr.
2:21-cv-00712 WBS DB, Blake v Allison 2:23-cv-0208 ACP, Williams
v Cal. Dep't of Corr. & Rehab 2:21-cv-1599 AC P) Such lawsuits
have resulted in settlements paid by defendants to the various
plaintiffs and/or entities.

Plaintiff has established a pattern and practice by the
Defendants in this instant matter and the conduct of the Defendants
in their official capacitites are more than knowledgeable of
the pre-existent contamination of water and sewer pipe deficiencies
and substandard materials (iron pipes) currently being used that
have been and are currently part of the contributing factors
resulting in contaminations that Defendants have already been
sued repeatedly for, for not rectifying the issues.

There is clear and factual evidence presented in above entitled case law reference that the Defendants are the responsible parties regarding bio-hazardous waste spills, and the subsequent effects to the neighboring residences, communities, eco-system, and the inmate population at MCSP.

Upon information and belief Defendants did in fact give public notice to Staff and employees working at MCSP about the health risks associated with the water dispensed at MCSP. Upon informastion and belief notice of this information was and/or is contained in an electronic memo distributed to all MCSP employees. It is also possible that hard copies of this information also exist. Furthermore upon information and bleief Defendants posted signs outside the view of inmates giveng notice to incoming visitors of the health risks of consuming the water dispensed in MCSP and warning visitors not to ingest the water due to those health risks. Upon information and belief CDCR @ MCSP intentionally notified aforementioned personnel, the public and employees in order to minimize liability.

Plaintiff declares Defendants have not given any informal or formal notification of any type to Plaintiff in order to protect Plaintiff from any inherent danger/risks of using or consuming water dispersed at MCSP which is known by the Defendants to be hazardous to humans.

Plaintiff is in the direct care and custody of CDCR @ MCSP and the Defendants are the authorities directly responsible for the safety and security of Plaintiff in almost all facets of Plaintiff's life specific to reasonable health and welfare as related to conditions of confinement. Plaintiff as such has an absolute right to protections from known risks to Plaintiff's health and safety especially when such knowledge is available by the Defendants and is preventable.

Defendants in failing to inform Plaintiff of such dangers/risks which do directly affect Plaintiff's conditions of confinement constitutes Intentional Negligence Resulting in Harm to Plaintiff.

Defendants have failed in their sworn duty to preserve the safety and welfare of Plaintiff in any reasonable or responsible standard when knowingly withholding vital information of known harmful bio-hazardous and chemically introduced contaminants to the sewer and water pipe systems which could essentially negatively impact Plaintiff who has no alternatives available in consuming or using water dispensed at MCSP.

Such actions by the Defendants are in bad faith and are defined as Intentional Negligence by failing to give proper and reasonable notice to Plaintiff of potential harm regarding the safety of the water dispensed at MCSP.

By reference of Facts contained in Declaration of Facts 1-60 Defendants are Intentionally Negligent and are the proximate and direct cause of injury to Plaintiff and are liable for damges. Plaintiff seeks relief in the form of compensatory and punitive monetary damages and any other award this Honorable Court deems approprieat upon proff.

CLAIM TWO

DEFENDANT'S INTENTIONAL NEGLIGENCE
VIOLATE PLAINTIFF'S CONDITIONS OF
CONFINEMENT

EIGHT AMENDMENT VIOLATION

The continued exposure to Bio-hazardous waste spills and chemical contaminants which affect water Plaintiff must use is the direct and indirect responsibility of the Defendants and are the direct and proximate cause of injury to Plaintiff resulting in continuing and escalating medical conditions which violate Plaintiff's Conditions of Confinement. Defendant's intentional negligence as declared above directly contribute to the negative affe3cts to Plaintiff's Conditions of confinement.

Plaintiff has a protected right to protections of his person and wellbeing while int he care and custody of the Defendants in their official capacities specific to safety and Security which are associated to Conditions of Confinement as defined in the Defendant's official duties and oath of office and the Eighth Amendment of the US Constitution.

Defendant's had knowledge of evidence that a danger existed whereby Plaintiff could be harmed severely and failed to inform Plaintiff and correct the material issue of fact which constitute Intentional Negligence leading to Plaintiff's injuries.

Plaintiffs medical conditions (LGL Lukemia diagnosis) are directly connected to TCE contaminants found in water dispensed at Mule Creek State Prison as research data confirms consistent with similar conditions of the Camp Lejune Case. Defendant's have been identified in multiple lawsuits as the responsible parties of contaminants entering into groundwater sources which have negatively impacted neighboring communities in violation of the Clean Water Act. Defendant's did factually pay settlements to previous plaintiffs for said violations.

Plaintiff's Conditions of Confinement are and have been negatively impacted by the Intentional Negligence of the Defendants insomuch as the Defendants are directly responsible for creating and distrubuting information to inmate populations that affect conditions of confinement and in this instant matter failed to do so.