UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORLANDO WELLS, | No. 2:25-cv-0521 CSK P |
| Plaintiff, | |
| v. | ORDER |
| PJEFFERY MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2025, plaintiff filed a motion for default judgment and summary judgment for defendants' failure to answer. (ECF No. 14.) For the following reasons, plaintiff's motion is denied without prejudice.

Federal Rule of Civil Procedure 55(a) provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default. Federal Rule of Civil Procedure 55(b) provides for entering a default judgment on the plaintiff's request by the Clerk when the plaintiff's claim is for a sum certain or in all other cases, by the court. Plaintiff shows no grounds for the Clerk to enter default, or for the Clerk or the Court to enter default judgment against defendants. See Fed. R. Civ. P. 55(a), 55(b). The record for this action demonstrates that defendants are not in default. Defendants filed a timely notice of intent to waive service, and

their deadline to file a responsive pleading has not yet expired. (ECF No. 13.) Therefore, defendants are not in default.

To the extent plaintiff purports to also move for summary judgment, plaintiff's motion fails to comply with Rule 56 of the Federal Rules of Civil Procedure, as well as Local Rule 260.

In addition, plaintiff is cautioned that he should not renew his motion for summary judgment until after the Court issues its discovery and scheduling order setting discovery and pretrial motions deadlines. "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Fed. R. Civ. P. 56, Advisory Committee's Notes (2010 Amendments, Note to Subdivision (b)). Plaintiff is advised that judges from this court and others regularly deny pre-answer and pre-discovery motions for summary judgement as premature, despite technical compliance with Rule 56. See Sayyedalhosseini v. Los Rios Community College District, 2024 WL 2883475, at *6 n.6 (E.D. Cal. June 6, 2024); Giles v. San Joaquin Valley Rehab. Hosp., 2023 WL 5806539, at *1 (E.D. Cal. Sept. 7, 2023) (collecting E.D. Cal. cases); Ahuruonye v. United States Dep't of Interior, 2016 WL 11956733, at *3 n.5 (D.D.C. Dec. 15, 2016) (citing several cases in D.D.C. and D.C. Cir.); see also Hellstrom v. U.S. Dep't of Veterans Affs., 201 F.3d 94, 97 (2d Cir. 2000) ("[o]nly in the rarest of cases" may summary judgment "be granted against a plaintiff who has not been afforded the opportunity to conduct discovery").

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 14) is denied without prejudice.

Dated: October 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/well0521.defj

2