UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORLANDO WELLS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY MACOMBER, et al.,<br><br>Defendants. | No.  2:25-cv-0521 CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's motion to reinstate default judgment and strike defendants' waiver, and defendants' motion to opt out of the Post Screening ADR Project are before the Court.

As discussed below, plaintiff's motion is denied, and defendants' motion to opt out is granted.  In addition, plaintiff's complaint is dismissed with leave to amend.

I.   BACKGROUND

On September 11, 2025, the Court screened plaintiff's complaint and ordered service on defendants. (ECF No. 8.)  On October 6, 2025, defendants filed a notice of intent to waive service. (ECF No. 13.)  On October 8, 2025, plaintiff filed a motion for default judgment. (ECF No. 14.)  On October 15, 2025, the Court denied, without prejudice, plaintiff's motion for default judgment. (ECF No. 15.)  On October 31, 2025, defendants filed their waiver of service. (ECF No. 16.)

On November 3, 2025, plaintiff filed a document styled, "Objections to Denial of Judgment of Default and Motion to Reinstate Judgment of Default Request, and Motion to Strike Defendants' Waiver of Service as Dilatory and Improper." (ECF No. 17.)

On November 5, 2025, the Court referred this case to the Post Screening ADR Project and stayed the case for 120 days. (ECF No. 18.) On November 14, 2025, defendants filed a motion to opt out of the Post Screening ADR Project.

II.     GOVERNING AUTHORITIES

Local Rule 230(j) provides that a party seeking reconsideration shall set forth the material facts and circumstances surrounding the motion for which reconsideration is sought, including: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

III.    PLAINTIFF'S MOTION

The Court construes plaintiff's filing as a motion for reconsideration of the Court's October 15, 2025 order. Local Rule 230(j). Although plaintiff objects to the waiver process the Court uses to expedite service of process in cases filed by prisoners held in state custody, plaintiff fails to show that he was entitled to entry of Clerk's default.[1] At the time plaintiff filed his motion for default judgment, defendants had indicated their intent to waive service and avoid the time and expense of requiring the U.S. Marshal to serve them. (ECF No. 13.) Thus, under Rule 55(a), defendants were entitled to fourteen days' written notice <u>before</u> plaintiff filed his motion, and plaintiff was required to provide proof that such notice was given. Fed. R. Civ. P. 55(a). Plaintiff provided a proof of service, but it did not reflect that defendants were provided fourteen days' notice before plaintiff filed his motion. (ECF No. 14 at 3.)

Further, defendants filed their waiver of service on October 31, 2025, before the Court received plaintiff's motion for reconsideration containing plaintiff's objections. The waiver

---

[1] Although plaintiff points out that Rule 4(d)(1) provides that plaintiffs may notify defendants of the commencement of an action and request that the defendant waive service of a summons, Rule 4(d) does not prohibit the Court from doing so.

2

provided defendants sixty days from October 6, 2025, to file a responsive pleading. (ECF No. 16.) Because the deadline for filing a responsive pleading had not run by November 14, 2025, the date plaintiff filed his motion for reconsideration and objections, the entry of Clerk's default remained inappropriate. Fed. R. Civ. P. 4(d), 12. The entry of default by the Clerk is required before plaintiff may seek default judgment. Fed. R. Civ. P. 55(a). Subsequently, the action was stayed on November 5, 2025, which relieved defendants of their obligation to file a responsive pleading until the stay was lifted. (ECF No. 18.) The Court finds that any alleged delay incurred by the Court's use of the waiver process is not relevant to whether plaintiff was entitled to default judgment. Therefore, plaintiff's objections are overruled.

Importantly, it is well-established that policies favor resolution of cases on their merits and generally disfavor default judgments. See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) ("Crucially, . . . judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits") (citations and quotation marks omitted); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible").

The Court finds that plaintiff failed to show new or different facts or circumstances support reconsideration of the October 15, 2025 order. Local Rule 230(j). Therefore, plaintiff's motion (ECF No. 17) is denied in its entirety.

IV.   DEFENDANTS' MOTION

On November 14, 2025, both defendants filed a motion to opt out of the referral to the Court's Post-Screening Early ADR ("Alternative Dispute Resolution"). (ECF No. 19.) After reviewing defendants' motion, and good cause appearing, defendants' motion is granted, and the stay of this action (ECF No. 18) is lifted.

V.   LEAVE TO AMEND

In the motion to opt out, defense counsel points out that plaintiff sued both defendants in their official capacity, and when counsel spoke with plaintiff and informed him of their position that they are immune from this action under the Eleventh Amendment, plaintiff agreed to amend

3

1  the complaint to sue defendants in their individual capacities.  The parties agreed that ADR is

2  premature until plaintiff amends the complaint.

3  Defendants are correct that claims for damages against the state, its agencies, or its

4  officers for actions performed in their official capacities are barred under the Eleventh

5  Amendment, unless the state waives its immunity.  See Kentucky v. Graham, 473 U.S. 159, 169

6  (1985).  Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.

7  See Quern v. Jordan, 440 U.S. 332, 344-45 (1979); see also Hafer v. Melo, 502 U.S. 21, 30

8  (1991) (clarifying that the Eleventh Amendment does not bar suits against state officials sued in

9  their individual capacities, nor does it bar suits for prospective injunctive relief against state

10 officials sued in their official capacities).  Therefore, plaintiff's complaint is dismissed, and

11 plaintiff is granted leave to file an amended complaint naming defendants in their individual

12 capacity.  Plaintiff is advised that this order relieves defendants of their obligation to file a

13 responsive pleading until plaintiff files an amended complaint and the Court screens the amended

14 complaint under 28 U.S.C. § 1915A.

15 VI. MOTION TO AMEND

16 On November 19, 2025, plaintiff filed a motion to amend the complaint, along with a

17 "Proposed First Amended Complaint."  (ECF Nos. 20, 21.)  However, neither of these documents

18 were signed by plaintiff.  Parties proceeding without counsel are required to sign all pleadings,

19 motions, and other papers submitted to the court for filing.  Fed. R. Civ. P. 11(a).  In addition,

20 plaintiff's "Proposed First Amended Complaint" is not a true complaint, but rather plaintiff's

21 description of how he intends to amend, and his request for an extension of time to file an

22 amended complaint.  (ECF No. 21.)  Ordinarily, the Court would require plaintiff to refile his

23 documents bearing his signatures.  However, in light of this order dismissing plaintiff's complaint

24 and granting him leave to amend, plaintiff does not need to re-file his motion to amend, and no

25 longer needs an extension of time to amend.  Therefore, the Court disregards plaintiff's unsigned

26 motion to amend and proposed first amended complaint.  (ECF Nos. 20, 21.)

27 ///

28 ///

VII. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 17), construed as a motion for reconsideration, is denied.
2. Defendants' motion to opt out (ECF No. 19) is granted.
3. The Court's stay of this action (ECF No. 18) is lifted.
4. Plaintiff's complaint is dismissed.
5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:
   a. The completed Notice of Amendment; and
   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

6. Plaintiff's November 19, 2025 motion to amend and proposed first amended complaint (ECF Nos. 20, 21), which are unsigned, are disregarded.

Dated:  November 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/well0521.rec.opt

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORLANDO WELLS,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY MACOMBER, et al.,<br><br>Defendants. | No.  2:25-cv-0521 CSK P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

                                       _____

                                       Plaintiff