UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORLANDO WELLS, | No.  2:25-cv-0521 CSK P |
| Plaintiff, | ORDER |
| v. | |
| JEFFERY MACOMBER, et al., | |
| Defendants. | |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 2, 2026, plaintiff filed an amended complaint pursuant to the Court's prior orders, first amending to name defendants solely in their individual capacities, and second, to provide a signed first amended complaint.  (ECF Nos. 22, 25.)  As discussed below, defendants are directed to file a responsive pleading.

I.      PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges injuries resulting from water contamination sustained while he is incarcerated at Mule Creek State Prison ("MCSP").  (ECF No. 26.)  Plaintiff names two defendants, Jeffery Macomber, Secretary, California Department of Corrections and Rehabilitation ("CDCR"), and Patrick Covello, Warden of MCSP, in their individual capacities.  (Id. at 1, 4.)  Plaintiff alleges these defendants have "direct knowledge" of "Clean Water Act violations" at MCSP and "biohazardous materials have contaminated water dispersed through

1

faulty water systems improperly maintained," leading to plaintiff's ingestion and bathing in contaminated water resulting in medical disorders and damage to plaintiff. (Id. at 7-10.) Despite defendants giving notice to all MCSP employees of the dangers of using and consuming water at MCSP, no such notice was given to plaintiff, and prison staff bring their own water to drink while on duty at MCSP. (Id.)

Plaintiff asserts two primary causes of action. In his first claim, plaintiff alleges an Eighth Amendment claim, alleging defendants subjected him to an unreasonable risk to his health and safety, entitled "Intentional Negligence – Eighth Amendment Violation." (Id. at 11.) In his second claim, plaintiff alleges defendants failed to protect plaintiff from a substantial risk of harm in violation of the Eighth Amendment. (Id. at 13-15.)

As a result of the alleged water contamination, plaintiff has ongoing serious health issues, including a blood disorder, lung issues, skin irritations, chronic pain, and a diagnosis of cancer/leukemia and polyneuropathy. (Id. at 2, 6.) Plaintiff seeks compensatory and punitive damages and future medical expenses. (Id. at 5.)

II.   DISCUSSION

The Supreme Court and the Ninth Circuit recognize that substantial deprivations of adequate drinking water can violate the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 33 (1993) (citing "demonstrably unsafe drinking water" as an example of a cognizable conditions of confinement claim under the Eighth Amendment); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000) (holding that evidence inmates "received inadequate drinking water for four days" could violate the Eighth Amendment); Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996), op. amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (providing inmates with "water that is foul would be inadequate to maintain health" and therefore violate the Eighth Amendment); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995), op. amended on denial of reh'g, 75 F.3d 448 (9th Cir. 1995) ("subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment"); Villanueva v. Biter, 611 F. App'x 439, 439-40 (9th Cir. 2015) (reversing a screening order dismissing a prisoner's Eighth Amendment claim based on alleged water

2

contamination at Kern Valley State Prison).[1]

The Court finds that plaintiff's allegations state potentially cognizable Eighth Amendment claims, and orders that this case proceed on plaintiff's first amended complaint (ECF No. 26) against defendants Jeffery Macomber, Secretary, CDCR, and Patrick Covello, Warden of MCSP, for allegedly violating plaintiff's right to safe conditions of confinement and failing to protect plaintiff from known harm, in violation of the Eighth Amendment.

III.     PLAINTIFF'S REQUEST REGARDING EXHIBITS

Along with his first amended complaint, plaintiff filed a request that the Court append the exhibits provided with his unsigned amended complaint.  (ECF No. 27.)  Plaintiff provided several exhibits with his unsigned amended complaint.  (ECF No. 23 at 17-40.)  Plaintiff's request is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to append his previously-submitted exhibits (ECF No. 27) is granted.

2. The Clerk of the Court is directed to append plaintiff's prior exhibits (ECF No. 23 at 17-40) to plaintiff's operative first amended complaint (ECF No. 26).

3. Defendants shall file a responsive pleading to the first amended complaint within 21 days of the date of this order.

4. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. L.R. 230(l).  Opposition to all other motions need be filed only as directed by the court.

---

[1] In Villanueva, the Ninth Circuit stated in its memorandum opinion:  "Dismissal of Villanueva's action was premature because Villanueva alleged that defendants were aware of water contamination issues at the prison since the facility opened but failed to act, which resulted in harm to his health." Id. at 439.  The Ninth Circuit found the prisoner's allegations were "sufficient to warrant ordering [defendants] to file an answer." Id. at 439 (citations omitted).  On remand, the assigned magistrate judge held the Ninth Circuit's reversal and mandate that defendants be ordered to file an answer precluded a ruling that qualified immunity was clear from the face of the complaint.  Villanueva v. Biter, 2016 WL 8730882, at *2 (E.D. Cal. July 15, 2016).

3

5. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective.  L.R. 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

6. The failure of any party to comply with a Court order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

Dated:  February 9, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/well0521.FAC.1